UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DOROTHY GUINAN,<br>        Plaintiff,<br><br>v.<br><br>BOSTON COLLEGE, JAMES P.<br>MCINTYRE, and TRACEY LAPAN,<br>        Defendants. | )<br>)<br>)<br>)<br>)    C.A. No. 05-10805DPW<br>)<br>)<br>)<br>)<br>) |

## ANSWER AND JURY CLAIM OF DEFENDANTS
## BOSTON COLLEGE AND JAMES P. MCINTYRE

In answer to each numbered paragraph and count of the plaintiff's complaint, Defendants Boston College and James P. McIntyre say as follows:

1. These defendants admit the allegations of this paragraph.

2. These defendants admit the allegations of this paragraph.

3. These defendants admit that Defendant McIntyre is an employee of Defendant Boston College, serving in the position referenced in the paragraph.

4. These defendants deny that Tracey E. Lapan is currently an employee of Boston College, but admit that Ms. Lapan was an employee of the college while the plaintiff was working at Defendant McIntyre's office from February through August, 2000.

5. These defendants incorporate herein by reference their answers to paragraphs 1-4 above as if each were separately rewritten and set forth herein.

6. These defendants admit that the plaintiff was hired to work in Defendant McIntyre's office as a part-time secretary. These defendants do not have sufficient information or knowledge to admit or deny the remaining allegations of this paragraph.

7. These defendants admit the allegations of this paragraph, and but say that the plaintiff was hired as a part-time secretary.

8. These defendants admit that the plaintiff was a widow and single mother when hired by the defendant college. These defendants do not understand the phrase "middle aged woman", but say that the plaintiff was fifty years old when she was hired to work at the college.

9. These defendants deny the allegations of this paragraph.

10. These defendants admit that Defendant Lapan was the plaintiff's supervisor.

11. These defendants admit that, as a part-time secretary working in Dr. McIntyre's office, one of the plaintiff's job responsibilities involved transcribing dictation done by Defendant McIntyre.

12. These defendants deny that the plaintiff was accused of anything, but admit the plaintiff was absent or tardy on numerous occasions during her employment.

13. These defendants deny the allegations of this paragraph.

14. These defendants deny the allegations of this paragraph.

15. These defendants deny that the plaintiff was accused of anything, but admit that the plaintiff made grammatical and structural errors in transcribing Defendant McIntyre's dictation.

16. These defendants do not have sufficient information or knowledge to admit or deny the allegations of this paragraph.

17. These defendants do not have sufficient information or knowledge to admit or deny the allegations of this paragraph.

18. These defendants do not have sufficient information or knowledge to admit or deny the allegations of this paragraph.

19. These defendants admit that the plaintiff's employment at the defendant college was terminated on August 29, 2000. The remaining allegations are denied.

20. These defendants do not have sufficient information or knowledge to admit or deny the allegations of this paragraph.

21. These defendants deny the allegations of this paragraph.

## COUNT I

22. These defendants incorporate herein by reference their answers to paragraphs 1-21 above as if each were separately rewritten and set forth herein.

23. This paragraph does not contain any allegation of fact, but is a statement of law. Therefore, these defendants need not respond to this paragraph.

24. These defendants deny the allegations of this paragraph.

25. These defendants deny the allegations of this paragraph.

26. These defendants deny the allegations of this paragraph.

27. This paragraph pertains to another defendant and, therefore, these defendants need not respond to it.

28. These defendants deny the allegations of this paragraph.

29. These defendants deny that they in any way discriminated against the plaintiff, including because of her age. With respect to the remaining allegations, these defendants do not have sufficient information or knowledge to admit or deny those allegations.

30. These defendants deny the allegations of this paragraph.

## COUNT II

31. These defendants incorporate herein by reference their answers to paragraphs 1-30 as if each were separately rewritten and set forth herein.

32. This paragraph does not contain any allegation of fact, but is a statement of law. Therefore, these defendants need not respond to this paragraph.

33. These defendants deny the allegations of this paragraph.

34. These defendants deny the allegations of this paragraph.

35. These defendants deny that they in any way discriminated against the plaintiff, including because of her sex. With respect to the remaining allegations, these defendants do not have sufficient information or knowledge to admit or deny those allegations.

36. These defendants deny the allegations of this paragraph.

## COUNT III

37. These defendants incorporate herein by reference their answers to paragraphs 1-36 as if each were separately rewritten and set forth herein.

38. This paragraph does not contain any allegation of fact, but is a statement of law. Therefore, these defendants need not respond to this paragraph.

39. This paragraph does not contain any allegation of fact, but is a statement of law. Therefore, these defendants need not respond to this paragraph.

40. These defendants deny that they in any way discriminated against the plaintiff, including because of her age and sex. With respect to the remaining allegations, these defendants do not have sufficient information or knowledge to admit or deny those allegations.

41. These defendants deny the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

And further answering, Defendants Boston College and McIntyre say as follows:

A. The plaintiff's cause of action in each count of her complaint is barred by the applicable statute of limitations.

B. The plaintiff's cause of action in each count of her complaint is barred by the doctrine of res judicata.

C. The plaintiff's cause of action in each count of her complaint is barred by the doctrine of collateral estoppel.

D. The plaintiff's cause of action as set forth in Count III of the complaint must be dismissed because this court lacks jurisdiction over the subject matter.

E. One or more of the claims within the plaintiff's complaint fail to state a cause of action for which this plaintiff may recover against these defendants, and therefore such claims must be dismissed.

F. Defendant Boston College says that its liability, if any, to the plaintiff is limited by the provisions of M.G.L. c. 231, §85K.

## JURY CLAIM

Defendants Boston College and McIntyre claim a trial by jury.

By their attorney

*[signature: John B. Johnson]*

John B. Johnson
Corrigan, Johnson & Tutor, P.A.
141 Tremont Street
Boston, MA 02111
(617) 338-0075
BBO No. 252580

## CERTIFICATION

I hereby certify that a true copy of the foregoing was served by mailing a copy by regular mail to Patrick K.B. Tracy, Attorney for the plaintiff, on this \_\_\_\_2nd\_\_\_\_ day of August, 2005.

_____
John B. Johnson