UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOROTHY GUINAN, <br>           Plaintiff, <br><br> v. <br><br> BOSTON COLLEGE, JAMES P. MCINTYRE, and TRACEY LAPAN, <br>           Defendants. | C.A. No. 05-10805DPW |

### DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EXPERT DISCLOSURE AND TO PRECLUDE PLAINTIFF'S EXPERTS FROM TESTIFYING

Defendants Boston College, James McIntyre, and Tracey Lapan move that this court enter an order striking the purported expert disclosure filed by the plaintiff, and precluding the plaintiff from calling any expert witness to testify at trial on her behalf.

In support of this motion, the defendants say as follows:

1. According to the scheduling order established by the court in this case, the plaintiff's disclosure regarding her experts and their anticipated testimony was to be served on defendants' counsel on or before February 1, 2006.

2. On or about February 2, 2006, the plaintiff served on the defendants her answers to the defendants' interrogatories. In a cover letter accompanying the interrogatory answers, plaintiff's attorney noted that "expert disclosures are listed in the Interrogatories". This apparently referenced Interrogatory Answers 8-11 in which the plaintiff identified two physicians and a therapist who treated her following the termination of her employment at Boston College. (The plaintiff's answers to interrogatories are attached as Exhibit 1).

3.  After reviewing the answers and "disclosure", the attorney for the defendants notified plaintiff's attorney by letter that the disclosure, in view of the defendants, was insufficient, and that it was the intention of the defendants to file a motion to strike the disclosure and to preclude any expert testimony on behalf of the plaintiff. (The February 10, 2006 letter from defendants' counsel to the plaintiff's counsel is attached hereto as Exhibit 2).

4.  As noted in Exhibit 2, the purported disclosure failed to give any information regarding the expected testimony and opinions of the two physicians and therapist identified as experts. The plaintiff did not provide a report from any of the proposed experts, as required by Rule 26(a)(2)(B); and did not provide any of the records or notes of the physicians or therapist concerning their alleged treatment of the plaintiff, as required by Rule 26(a)(1)(C)

Because of the plaintiff's failure to comply with the rules regarding disclosure of experts, as set forth above, the defendants submit that this motion to strike the plaintiff's disclosure and to preclude the plaintiff from calling expert witnesses to testify at trial should be allowed.

By their attorney

*John B. Johnson*
John B. Johnson
Corrigan, Johnson & Tutor, P.A.
141 Tremont Street
Boston, MA 02111
(617) 338-0075
BBO No. 252580

## CERTIFICATION IN ACCORD WITH LOCAL RULE 7.1(A)(2)

    I certify that, as counsel for Defendants Boston College, James McIntyre, and Tracey Lapan, on March 28, 2006, I conferred with plaintiff's Attorney Patrick K.B. Tracy about this motion and attempted in good faith to resolve the issues raised in this motion, but was unable to do so.

Dated: March 28, 2006

                                                  _____
                                                  John B. Johnson

## CERTIFICATION

    I hereby certify that a true copy of the foregoing was served by mailing a copy by regular mail to Patrick K.B. Tracy, Attorney for the plaintiff, on this 29th day of March, 2006.

                                                  _____
                                                  John B. Johnson

# PATRICK K. B. TRACY
## ATTORNEY AT LAW

55 Court Street, Suite 510
Boston, Massachusetts
02108

617-227-7139
800-716-7482
Fax: 617-742-1424

February 2, 2006

John B. Johnson, Esquire
c/o Corrigan, Johnson & Tutor
141 Tremont Street
Boston, MA 02111-1227

RE: Guinan v. Boston College, Et al
Answers to Interrogatories

Dear Mr. Johnson:

Please find enclosed the Plaintiff's Answers to Interrogatories. The expert disclosures are listed in the Interrogatories. Feel free to give me a call with any questions or comments. Thank you.

Very Truly Yours,

Patrick K. B. Tracy, Esquire

PKT/gnk
Enclosures

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOROTHY GUINAN,<br>            Plaintiff,<br><br>v.<br><br>BOSTON COLLEGE, JAMES P.<br>MCINTYRE, and TRACY LAPAN<br>            Defendants. | C.A. No. 05-10805DPW |

## PLAINTIFF DOROTHY GUINAN'S ANSWERS TO INTERROGATORIES PROPOUNDED BY THE DEFENDANTS

**Interrogatory No. 1**

Please identify yourself completely, giving your name; current residential address; date of birth; and social security number.

**Dorothy E. Guinan**
**67 Mt. Vernon Street**
**West Roxbury, MA 02132**
**Date of Birth: 6/15/50**
**SSN.: 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**

**Interrogatory No. 2**

In a chronological order, please give the name and business address of every employer for whom you have worked since your employment at Boston College was terminated in 2000. Please include in your answer the date when you started each job; the date when your employment at each job ended (if it did), and the reasons why the employment ended; your position or job title with each employer; whether you worked each job on a full-time or part-time basis; and the amount of money which you earned at each job (on an hourly, weekly, or yearly basis) when you started and ended each job.

**When I was fired from Boston College in 2000, later that year I touched base with Andy Curcio, head of Alpha Marketing Group, a previous employer at Bear Hill Road in Waltham, MA. I was hired again part-time in November, 2000 earning $13.50 an hour to help in getting new business from small banks and credit unions throughout the state and proofreading various materials for its clients. I resigned from this position in approximately March of 2001 as I got to the point where all I could do was to sleep all day from the time I dropped my son at school in the morning to the time I picked him up**

because of the depression from being terminated and the circumstances surrounding the termination.

From approximately June, 2001 to December, 2001 I worked for a friend cleaning houses in Brookline and Newton. Her name is Angoul Tarshani, Greaton Rd, West Roxbury, MA.

I then worked from home and at a satellite office in Newton for WPLM Radio, 17 Columbus Rd., Plymouth, MA, as a part-time consultant informing local businesses of special promotions at the station and setting up appointments for the station's Sales Manager from approximately December 2001 to March 2002. I resigned from this job as there was little money in this field as the advertising cycle was in decline.

I was then hired on March 22, 2002 by the Boston Globe, Morrissey Boulevard, Boston, as a part-time Advertising Clerk in the Classified Ad department at $14.82 per hour with benefits. I needed to leave this job by approximately June, 2002 as working in Boston at the time was too difficult with my son's schedule and needs as he went to school and camp in Newton.

In approximately August, 2002, I got a job at Buyer Advertising, 10 Wells Avenue, Newton, where I worked two days a week at $15 per hour editing and proofreading ads for placement in the Sunday Boston Globe. My position was eliminated by approximately October, 2002 where the advertising sector experienced a major decline with internet competition and many agencies eliminated proofreaders and relied on the Spell Check feature in word processing software.

On November 15, 2002, I was hired for a part-time position at the Committee for Public Counsel Services (CPCS), 189 Cambridge St., Cambridge, MA where I am still employed as an Administrative Assistant.

Interrogatory No. 3

If there have been periods of time in excess of one month when you have not been employed since the termination of your job at Boston College, please identify by dates those periods, and explain the reasons why you were unemployed during those times.

See answers to Interrogatory No. 2.

Interrogatory No. 4

With respect to allegations made in Counts I, II, and III of your complaint that you had sustained injuries of body and mind as a result of the actions taken by the defendants in terminating your employment, please identify and describe fully the emotional and physical injuries which you claim you have suffered.

I lost about ten pound by the end of September, 2000 because both my life and my son's life was thrown into chaos as a result of the termination. I was emotionally stressed from the

financial worries, losing health insurance, and the humiliation of being terminated. I fell into a deep depression accompanied by the anxiety of my life and son's life being disrupted. As well, I could only sleep a few hours per night as a result of the anxiety.

**Interrogatory No. 5**

If any of the emotional or physical injuries which you describe in the previous interrogatory answer have resolved, please identify those injuries and when each resolved.

**The depression and anxiety have resolved after four full years with a combination of medication, therapy, and my new position at CPCS.**

**Interrogatory No. 6**

If you have received medical/care treatment from a physician or other healthcare provider, including therapists, for the emotional and/or physical injuries which you claim you suffered as a result of the actions taken by the defendants in this case, please give the name and address of each physician or provider from whom you have received treatment; the dates of all such treatment; and the type of care or treatment which each provider gave you.

**On or around October 24, 2000 I sought help from my primary care physician, Dr. Roy Welker at Brigham & Women's Primary Physician Group of Francis Street, Boston, MA. I received a prescription for Clonazepam for stress and anxiety. I also saw Dr. Audrey Cecil, a physician and therapist at Brigham & Woman's Hospital who prescribed Paxil and counseled me for approximately three visits.**

**I also saw a therapist, Suzanne Piening, at the Parkway Clinical Associates, Center Street, West Roxbury, MA with whom I first counseled with on December 21, 2000. I also saw her on January 24, 2001, January 31, 2001, February 7, 2001, and February 28, 2001.**

**Interrogatory No. 7**

Please set forth completely a list of all expenses and costs you have incurred for medical care and treatment which you allege was necessitated by the actions of the defendants. With respect to each expense and cost, please give the name of the doctor or other healthcare provider who billed each expense or cost to you.

**Because I lost my health coverage when I was terminated from Boston College, I made Cobra payments of close to $700 per month for 18 months. Thereafter I switched to two single policies for me and my son through Harvard Pilgrim until I was hired by CPCS. I paid approximately $900 per month for these policies.**

**Interrogatory No. 8**

Concerning any expert witness you intend to call to testify at trial, please give the name and address of each such person.

**Dr. Roy Welker, Brigham & Women's Primary Physician Group of Francis Street, Boston, MA. Dr. Audrey Cecil, a physician and therapist at Brigham & Woman's Hospital. Suzanne Piening, at the Parkway Clinical Associates, Center Street, West Roxbury, MA.**

**Interrogatory No. 9**

For each expert identified, please state the subject matter about what each expert will testify.

**Dr. Roy Welker and Dr. Audrey as to my mental and physical state subsequent to my termination from Boston College. Suzanne Piening as to my mental state subsequent to my termination from Boston College.**

**Interrogatory No. 10**

For each expert witness identified, please state the substance of the facts and opinions to which each expert is expected to testify.

**See answer to Interrogatory No. 9.**

**Interrogatory No. 11**

For each expert witness identified, please state a summary of the grounds for each opinion referred to in your answer to the prior interrogatory.

**These experts were my treating physicians and therapists for my injuries sustained from being terminated from Boston College.**

**Interrogatory No. 12**

Was your employment at Boston College terminated on August 29, 2000? If your answer is in the negative, please give the date of your termination.

**Yes.**

SIGNED AND SWORN TO UNDER THE PAINS AND PENALTIES OF PERJURY THIS 2nd DAY OF FEBRUARY, 2006.

_____
Dorothy E. Guinan

As to Objections:

_____
Patrick K.B. Tracy, Esquire
BBO # 501340


By her attorney

*[signature]*

Patrick K.B. Tracy
Law Offices of Patrick K.B. Tracy
55 Court Street, Suite 510
Boston, MA 02108
(617) 227-7139
BBO No. 501340

## CERTIFICATION

I hereby certify that a true copy of the foregoing was served by mailing a copy by regular mail to John B. Johnson, Attorney for the defendants, on this 2nd day of February, 2006.

*[signature]*

Patrick K.B. Tracy

# CORRIGAN, JOHNSON & TUTOR, P.A.
COUNSELORS AT LAW
(An Association of Attorneys Practicing Together as Individuals)

141 TREMONT STREET
BOSTON, MASSACHUSETTS 02111

TEL: 617-338-0075
FAX: 617-338-4244

JOHN B. JOHNSON
john.johnson412@verizon.net

GERALD TUTOR
gtutor@socialaw.com

JOHN C. CORRIGAN, JR.
1938 - 2003

February 10, 2006

Patrick K.B. Tracy, Esq.
55 Court Street
Suite 510
Boston, MA 02108

Re:   Dorothy Guinan v. Boston College, et al.
      U.S.D.C. No. 05-10805DPW

Dear Mr. Tracy:

After reviewing Ms. Guinan's answers to interrogatories posed by Boston College, I ask that you supplement your Answer No. 2 by providing the amount of money earned by Ms. Guinan when working for Angoul Tarshani, for WBLM Radio, and for CPCS. The specific pay information was requested in the interrogatory, and it was provided with respect to other jobs that Ms. Guinan has held.

With respect to your purported expert disclosure, it is my position that this disclosure (as provided in your Interrogatory Answers No. 8-11) is insufficient and completely fails to comply with the requirements of the Federal Rules of Civil Procedure regarding such disclosure. Rule 26(a)(1)(C) requires you in your initial disclosure to make "available for inspection and copying as under Rule 34 the documents or other evidentiary material" on which you rely for your damage calculation, "including materials bearing on the nature and extent of injuries suffered". This clearly requires you to provide the records and reports of the physicians and therapist identified in your answers to interrogatories concerning their treatment of Ms. Guinan, but these have not been produced. Rule 26(a)(2)(B) requires you, as part of your expert disclosure, provide a written report prepared and signed by the proposed expert witness, and this report is to contain "a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications offered by the witness within the preceding ten years; the

*NEWTON OFFICE:*
246 WALNUT STREET, SUITE 101, NEWTON, MASSACHUSETTS 02460 · 617-969-3100

compensation to be paid for the study and testimony; and a listing of any other cases to which the witness has testified as an expert at trial or by deposition within the preceding four years." Because you have failed to comply with the requirements of this rule and because you have failed to produce any of these "experts" records or reports, it is my intention to move to strike your "disclosure", and to preclude the physicians and therapist from testifying on behalf of Ms. Guinan.

Very truly yours,

John B. Johnson

JBJ/lmc